**FILED**
**MAR 1 4 2025**
Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                                    Case No. 25-00069-ELG

GREGORY BRIAN MYERS,                                      Chapter 13

   Debtor.
_____/

### DEBTOR'S EMERGENCY MOTION TO ENFORCE AUTOMATIC STAY

The Debtor, Gregory Brian Myers ("Mr. Myers" or "Debtor"), hereby moves, pursuant to 11 U.S.C. § 362(a), for an Order enforcing the automatic stay in Case 1:24-cv-03127-ACR currently pending in the United States District Court for the District of Columbia. As grounds therefor, the Debtor states as follows:

### JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND AND FACTS

2.  The Debtor, Gregory Brian Myers, filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 26, 2025 (the "Petition Date").

3.  In 2021—prior to the Debtor's Chapter 13 bankruptcy filing on February 26, 2025—the NBC Entities filed a Counterclaim *against* Mr. Myers (a "Counterdefendant") to quiet title to property in which Mr. Myers possesses recorded easement and use rights which are appurtenant to his exempt Florida homestead (the "Counterclaim Action").[1] The Counterclaim

---

[1] According to the NBC Entities' own motion filed in 2023, "The counterclaim only *seeks* to quiet title to the property owned by the Naples Beach Club Entities on which Myers asserted an easement or other interests appurtenant to his homestead property in Naples." (Emphasis supplied).

1

Action (an *in rem* action) was subsequently removed to the United States District Court for the District of Columbia in accordance with, inter alia, 28 U.S.C. §§ 1334 and 1452.[2]

4. Pursuant to DCt.LBR 5011-1(a), "all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this District."

5. Pursuant to DCt.LBR 5011-1(b), "[t]he referral pursuant to paragraph (a) of proceedings to the bankruptcy judges of this District includes any civil action (or claim or cause of action in a civil action) removed on the basis that the District Court has jurisdiction over the civil action under 28 U.S.C. § 1334." Thus, pursuant to DCt.LBR 5011-1(b), because the Counterclaim Action was removed in accordance with, inter alia, 28 U.S.C. §§ 1334 and 1452, the Counterclaim Action (an *in rem* action) is automatically "referred to the bankruptcy judges of this District."

6. On March 7, 2025 (at approximately 3:00 PM), Mr. Myers filed a *Suggestion of Bankruptcy* in the Counterclaim Action, advising the district court that on February 26, 2025, Mr. Myers had filed voluntary petition for relief under Chapter 13 of the Bankruptcy Code. (Case 1:24-cv-03127-ACR; Document 23).

7. Notwithstanding Mr. Myers filing a *Suggestion of Bankruptcy* in the Counterclaim Action on March 7, 2025—the district court entered a "Minute Order" (no docket number) with the following docket text:

> MINUTE ORDER. The Court will proceed with Monday's hearing as scheduled. Should Mr. Myers wish to discuss the effects of his Bankruptcy petition, the Court ORDERS him to provide the Court and Defendants with a copy, and the Court will hear argument on

---

[2] Mr. Myers's motion for summary judgment is currently pending and unresolved in the Counterclaim Action (Case 1:24-cv-03127-ACR; Document 15).

Monday.

> Should either party not appear at Monday's hearing, the Court will enter a show cause order requiring the party to explain why the Court should not enter sanctions against that party. Signed by Judge Ana C. Reyes on 3/7/2025. (lcacr3) (Entered: 03/07/2025)

8. Notwithstanding Mr. Myers filing a *Suggestion of Bankruptcy* in the Counterclaim Action on March 7, 2025—on March 10, 2025 (at approximately 10:59 AM), Counterclaimants NBC Entities[3] filed a motion to withdraw the reference of Mr. Myers's bankruptcy case (Case 1:24-cv-03127-ACR; Document 24). The NBC Entities' motion to withdraw the reference was filed in violation of DCt.LBR 5011-2(a), which provides "[a] motion for withdrawal in whole or in part of the reference of a case or proceeding referred to a bankruptcy judge must bear the caption of the Bankruptcy Court, *and be filed with the Clerk of the Bankruptcy Court*, accompanied by the required filing fee, and the movant's designation of the record."[4] (Emphasis supplied).

9. Notwithstanding Mr. Myers filing a *Suggestion of Bankruptcy* in the Counterclaim Action on March 7, 2025—on March 10, 2025, over Mr. Myers's objection, the district court proceeded with the 1:00 PM hearing in the Counterclaim Action, and thereafter entered a MINUTE ORDER **ordering the Debtor, Mr. Myers, to:** (i) "**respond** to [Counterclaimants] Motion to Remand on or before March 24, 2025; and (ii) "**respond** to [Counterclaimants] Motion regarding dismissal of the [Myers] bankruptcy proceeding." (Emphasis supplied).

---

[3] The "Counterclaimants" include: Naples Property Holding Company, LLC; Naples Beach Club Land Trust Trustee, LLC; Naples Beach Club Phase II and III Land Trust Trustee, LLC; and NBC Club Owner, LLC (collectively, "Counterclaimants" or "NBC Entities").

[4] Pursuant to DCt.LBR 5011-1(c), "…all documents filed in any such referred case or proceeding, including the original bankruptcy petition, **must be filed with the Clerk of the Bankruptcy Court** and must be captioned 'United States Bankruptcy Court for the District of Columbia.'" (Emphasi supplied).

**BASIS FOR RELIEF REQUESTED**

10. The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Mid/antic Nat 'l Bank v. New Jersey Dep 't of Evntl. Protection,* 474 U.S. 494, 503 (1986). The broad protection of the automatic stay extends to all matters that may have an effect on a debtor's estate and is designed to relieve "the financial pressures that drove [the debtor] into bankruptcy." H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6297; *Official Committee of Unsecured Creditors v. PSS Steamship Co.,* 114 B.R. 27, 29 (Bankr. S.D.N.Y. 1989). It does this by providing the debtor with a "breathing spell" after the commencement of a bankruptcy petition.

11. Pursuant to 11 U.S.C. § 362, the filing of Mr. Myers's bankruptcy petition acts as an automatic stay as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of
>
>> (1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>>
>> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>>
>> (3) any act to obtain possession of property of the estate or of property from the estate;
>>
>> (4) any act to create, perfect, or enforce any lien against property of the estate;
>>
>> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>>
>> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

4

11 U.S.C. § 362(a).

12. The Counterclaim Action (an *in rem* action) was filed before the commencement of Mr. Myers's Chapter 13 bankruptcy case and the claims asserted in the Counterclaim Action may be asserted in Mr. Myers's Chapter 13 bankruptcy case. Federal courts have held that an action to affect or interfere with a debtor's easement rights is an attempt to "exercise control over property of the estate" in violation of 11 U.S.C. § 362(a)(3). *In re Colonial Penniman, LLC*, 575 B.R. 664, 689 (Bankr. E.D. Va. 2017); *see also Keller v. Burnett*, 2008 WL 2857393 at *17 (D. Idaho July 21, 2008) (holding asserted implied easement was "a property right that would have become bankruptcy estate property under 11 U.S.C. § 541(a)"). Thus, Mr. Myers's appurtenant easement and use rights are property of Mr. Myers's bankruptcy estate in this case, 11 U.S.C. § 541, and subject to the automatic stay under 11 U.S.C. § 362.

13. The Debtor, Mr. Myers, should be dedicating himself fully to the restructuring of the Debtor's finances; instead, he has been forced to divert substantially all of his attention to the Counterclaim Action. A fundamental purpose of the automatic stay is to provide a debtor with relief from having to defend against litigation so that it can focus its resources on the administration of its case and emerge successfully from bankruptcy. Here, there can be no question that the forced continuation of the Counterclaim Action will materially interfere with the administration of the Debtor's (Mr. Myers's) chapter 13 case. The Counterclaim Action is not only costly and time-consuming for the Debtor, it also prejudices the interests of other creditors by forcing the Debtor to expend scarce resources litigating claims which are property of the Debtor's bankruptcy estate, 11 U.S.C. § 541, thereby hampering the successful completion of the Debtor's chapter 13 case. The Debtor's time, attention, and available resources *should be* devoted to formulating and executing a viable chapter 13 plan.

14. The continuation of the Counterclaim Action is a clear violation of the automatic stay codified at 11 U.S.C. § 362(a)(1). Further, the NBC Entities' unlawful actions and rogue tactics in the Counterclaim Action (an *in rem* action) are overtly coercive in nature and constitute, without limitation, an "act to obtain possession of property of the estate or of property from the estate" in violation of 11 U.S.C. § 362(a)(3), and an "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title" in violation of 11 U.S.C. § 362(a)(6). If the NBC Entities are able to seize the Debtor's property, the Debtor will become irrevocably insolvent and unable to pay his debts, leaving the Debtor's unsecured creditors to receive nothing on account of their claims.

15. The automatic stay is mandatory and applicable to all entities, including state and federal courts. The district court's March 10, 2025, Minute Order requiring Mr. Myers (a debtor) to "respond" to various court filings *against* him in the Counterclaim Action cannot be enforced because it constitutes "act" in violation of 11 U.S.C. § 362(a). The district court has no subject matter jurisdiction over the Counterclaim Action (an *in rem* action) while the automatic stay remains in effect. See *Chao v. Hospital Staffing Services, Inc.,* 270 F.3d 374 (6th Cir. 2001), holding that when an action is pending in a non-bankruptcy forum (including a different federal district court), said action is stayed under § 362(a) and the non-bankruptcy forum court has no subject matter jurisdiction while the stay remains in effect.

16. Furthermore, even when a non-bankruptcy court may be committing a violation of the automatic stay, the creditor at whose bidding that court may be acting (i.e., the NBC Entities) has an affirmative duty to prevent such violation. *In re Myers*, 491 F.3d 120, 128 (3rd Cir. 2007) ("[a]lthough the CP Court, not SMS, technically committed the violations of the stay, ... creditors have an affirmative duty to prevent violations of the automatic stay and may be held liable for

passively failing to prevent such violations") (citation omitted). The NBC Entities' failure to cease their coercive actions in the Counterclaim Action and withdraw their pending motions is a further and continuing violation of the automatic stay codified at 11 U.S.C. § 362(a).

17.  As a result of the NBC Entities' willful and intentional acts in violation of the automatic stay, Mr. Myers has experienced severe emotional distress at a particularly vulnerable time when he is suffering from long term medical and disability issues, including major depression and anxiety.

**WHEREFORE**, the Debtor requests that the Court issue an Order staying all further proceedings in Case 1:24-cv-03127-ACR currently pending in the United States District Court for the District of Columbia and granting the Debtor such other and further relief as this Court deems just and proper.[5]

Dated: March 14, 2025

Respectfully submitted,

_____
Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*

---

[5] Mr. Myers reserves all of his rights and claims under 11 U.S.C. § 362(k), including damages for emotional distress.