**FILED**

MAR 19 2025

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 25-00069-ELG |
| GREGORY BRIAN MYERS, | Chapter 13 |
| Debtor. | |
| | |
| GREGORY BRIAN MYERS, | |
| Plaintiff, | |
| v. | Adversary No. _____ |
| NAPLES PROPERTY HOLDING COMPANY, LLC; NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC; NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC; NBC CLUB OWNER, LLC; STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.; MARIA A. FEHRETDINOV; GLEN BURHANS, JR.; CHRISTOPHER R. CLARK; DREW DILLWORTH; NAPLES GOLF AND BEACH CLUB, INC.; GUNSTER, YOAKLEY & STEWART P.A.; and JEFFREY D. FRIDKIN | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Debtor, GREGORY BRIAN MYERS ("Mr. Myers" or "Debtor" or "Plaintiff"), *pro se*, sues NAPLES PROPERTY HOLDING COMPANY, LLC, a Delaware limited liability company ("NPHC"); and NAPLES BEACH CLUB LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May 27, 2021 ("LAND TRUST I"); and NAPLES BEACH CLUB PHASE II AND III LAND TRUST TRUSTEE, LLC, a Delaware limited liability company, as Trustee under the Land Trust Agreement dated as of May

1

27 2021 ("LAND TRUST II"); and NBC CLUB OWNER, LLC, a Delaware limited liability company ("NBC CLUB OWNER"); and STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A. ("STEARNS WEAVER"); and MARIA A. FEHRETDINOV ("FEHRETDINOV"); and GLEN BURHANS, JR. ("BURHANS"); and CHRISTOPHER R. CLARK ("CLARK"); and DREW DILLWORTH ("DILLWORTH"); and NAPLES GOLF AND BEACH CLUB, INC. ("NGBC"); and GUNSTER, YOAKLEY & STEWART P.A. ("GUNSTER"); and JEFFREY D. FRIDKIN ("FRIDKIN")  (with NPHC, LAND TRUST I, LAND TRUST II, NBC CLUB OWNER, STEARNS WEAVER, FEHRETDINOV, BURHANS, CLARK, DILLWORTH, NGBC, GUNSTER, and FRIDKIN each being a "Defendant" and collectively, the "Defendants"), and does allege as follows:

## PARTIES

1. Mr. Myers is a citizen of the state of Florida.

2. NPHC is a Delaware limited liability company.

3. LAND TRUST I is a Delaware limited liability company.

4. LAND TRUST II is a Delaware limited liability company.

5. NBC CLUB OWNER is a Delaware limited liability company.

6. STEARNS WEAVER is a Florida Profit Corporation.

7. FEHRETDINOV is a citizen of the state of Florida.

8. BURHANS is a citizen of the state of Florida.

9. CLARK is a citizen of the state of Florida.

10. DILLWORTH is a citizen of the state of Florida.

11. NGBC is a Florida Profit Corporation.

12. GUNSTER is a Florida Profit Corporation.

13. FRIDKIN is a citizen of the state of Florida

### JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

15. Venue is proper in this Court pursuant to 28 U.S.C. Section 1409.

### GENERAL ALLEGATIONS

16. On February 26, 2025 (the "Petition Date"), Mr. Myers filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia, Case No. 25-00069-ELG (the "Myers Bankruptcy Case").

17. On November 18, 2021—**before** the commencement of the Myers Bankruptcy Case—the NBC Entities[1] filed a Counterclaim action *against* Mr. Myers seeking to quiet title to property in which Mr. Myers possesses recorded easement and use rights. The property on which Mr. Myers possesses recorded easement and use rights has an estimated fair market value of *not less than* $362,289,599.00. *See* Exhibit "1" through Exhibit "4" attached hereto and made a part hereof.

18. The Counterclaim action was removed to the United States District Court for the District of Columbia ("District Court") on November 4, 2024, and docketed as Case 1:24-cv-03127-ACR (the "Counterclaim Action").

19. On February 26, 2025—**after** the commencement of the Myers Bankruptcy Case—NGBC, GUNSTER and FRIDKIN filed an "Affidavit" in the Counterclaim Action seeking "attorney fees" *against* Mr. Myers.

---

[1] NPHC, LAND TRUST I, LAND TRUST II, and NBC CLUB OWNER are herein collectively referred to as the "NBC Entities".

3

20. On March 10, 2025—**after** the commencement of the Myers Bankruptcy Case—the NBC Entities—joined by NGBC—filed a motion in the Counterclaim Action requesting that the District Court enter an order, inter alia, "confirming the automatic stay does not apply [in the Myers Bankruptcy Case]"; "dismissing the [Myers Bankruptcy Case] with prejudice"; "transfer venue of the [Myers Bankruptcy Case]; and "bar…Mr. Myers [from] seeking bankruptcy relief."

21. On March 10, 2025, at approximately 1:00 PM, the District Court (Reyes, J) convened a hearing in the Counterclaim Action and proceeded to hear arguments from the NBC Entities and NGBC on their claims *against* Mr. Myers in clear violation of the automatic stay in the Myers Bankruptcy Case. The District Court (Reyes, J) subsequently entered a "MINUTE ORDER" ordering Mr. Myers to "respond to [NBC Entities'] Motion to Remand on or before March 24, 2025"; and to "respond to [NBC Entities'] Motion regarding dismissal of the [Myers] bankruptcy proceeding [on or before March 24, 2025]." (Alterations supplied). A copy of the March 10, 2025, hearing transcript is attached hereto as Exhibit "5" and made a part hereof.

**COUNT I**
**11 U.S.C. §362(k)**
**(All Defendants)**

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. The property and claims in the Counterclaim Action (an *in rem* action) are property of Mr. Myers's bankruptcy estate in Case No. 25-00069-ELG pursuant to Section 541 of the Bankruptcy Code. Federal courts have held that an action to affect or interfere with a debtor's easement rights is an attempt to "exercise control over property of the estate" in violation of 11 U.S.C. § 362(a)(3). *In re Colonial Penniman, LLC*, 575 B.R. 664, 689 (Bankr. E.D. Va. 2017); *see also Keller v. Burnett*, 2008 WL 2857393 at *17 (D. Idaho July 21, 2008) (holding asserted implied easement was "a property right that would have become bankruptcy estate property under 11

U.S.C. § 541(a)"). Thus, Mr. Myers's appurtenant easement and use rights are property of Mr. Myers's bankruptcy estate in this case, 11 U.S.C. § 541, and subject to the automatic stay under 11 U.S.C. § 362.

24.   At all relevant times, the Defendants were aware that on February 26, 2025, Mr. Myers had filed a Chapter 13 petition in the United States Bankruptcy Court for the District of Columbia, Case No. 25-00069-ELG, and that said petition constitutes an order for relief pursuant to the provisions of the Bankruptcy Code. *See* 11 U.S.C. § 362

25.   Section 362 of the Bankruptcy Code provides that a petition filed under the Code operates as a stay applicable to all entities of—

> (1)   the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2)   the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
>
> (3)   any act to obtain possession of property of the estate or of property from the estate;
>
> (4)   any act to create, perfect, or enforce any lien against property of the estate;
>
> (5)   any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
>
> (6)   any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a).

26.   The Defendants' knowing and willful "acts" set forth above constitute a violation of 11 U.S.C. § 362(a)(1) - (6), inclusive.

Case 25-00069-ELG    Doc 22    Filed 03/19/25    Entered 03/19/25 14:11:29    Desc Main
Document      Page 6 of 9

27. The automatic stay is mandatory and applicable to all entities, including state and federal courts. The District Court's March 10, 2025, Minute Order requiring Mr. Myers (a debtor) to "respond" to various court filings *against* him in the Counterclaim Action cannot be enforced because it constitutes "act" in violation of 11 U.S.C. § 362(a). The District Court has no subject matter jurisdiction over the Counterclaim Action (an *in rem* action) while the automatic stay remains in effect. See *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 3 74 (6th Cir. 2001), holding that when an action is pending in a non-bankruptcy forum (including a different federal district court), said action is stayed under § 362(a) and the non-bankruptcy forum court has no subject matter jurisdiction while the stay remains in effect.

28. Furthermore, even when a non-bankruptcy court may be committing a violation of the automatic stay, the creditor at whose bidding that court may be acting (i.e., NBC Entities; NGBC) has an affirmative duty to prevent such violation. *In re Myers*, 491 F.3d 120, 128 (3rd Cir. 2007) ("[a]lthough the CP Court, not SMS, technically committed the violations of the stay, … creditors have an affirmative duty to prevent violations of the automatic stay and may be held liable for passively failing to prevent such violations") (citation omitted). Thus, the Defendants' failure to cease their coercive actions in the Counterclaim Action and withdraw their pending motions constitutes a further and continuing violation of the automatic stay codified at 11 U.S.C. § 362(a). See *In re Briskey*, 258 B.R. 473, 477 (Bankr.M.D.Ala. 2001) ("[party] must also take all necessary affirmative action to stop the proceedings which are in violation of the automatic stay"). See also *Parker v. Bain,* 68 F.3d 1131, 1135-36 (9th Cir. 1995).

29. Section 362(k) of the Bankruptcy Code provides, in relevant part, that "an individual injured by any willful violation of a stay provided by this section shall recover actual

damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

30. The Debtor, Mr. Myers, has and continues to be injured by the Defendants' knowing and willful "acts" in violation of the automatic stay.

31. The Debtor, Mr. Myers, is entitled to actual and punitive damages as a result of the Defendants' knowing and willful "acts" in violation of the automatic stay.

**WHEREFORE**, Plaintiff, GREGORY BRIAN MYERS, demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount of *not less than* $362,289,599.00 in addition to punitive damages to be determined at trial, award Plaintiff his attorneys' fees and costs incurred in connection with the prosecution of this matter, and afford Plaintiff such other and further relief as may be just and proper.

**COUNT II**
**Personal Injury Tort Claim**
**Infliction of Emotional Distress**
**(All Defendants)**

32. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

33. This is a personal injury tort claim for damage caused by the Defendants' negligence and wrongful actions.

34. As a result of the Defendants' knowing, willful and intentional acts, including acts in violation of the automatic stay, Mr. Myers has experienced severe emotional distress at a particularly vulnerable time when he is suffering from long-term medical and disability issues, including major depression and anxiety.

35. The Defendants' unlawful actions and rogue tactics include physically accosting Mr. Myers on the sidewalk and threatening him with physical harm, constituting malicious,

7

wanton, willful, oppressive, and reckless indifference to the life, safety, and rights of Mr. Myers, including the right to the peaceable possession of his person and property.

36. The Defendants had actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to Mr. Myers would result, and, despite that knowledge, intentionally pursued said course of conduct, resulting in injury or damage to Mr. Myers.

37. The Defendants knew their conduct was reckless and not justified under the circumstances.

38. The Defendants' unlawful and reckless conduct was motivated by the potential for unreasonable financial gain, constituting unclean hands.

39. As a direct and proximate cause of the Defendants' negligent, unlawful and reckless conduct, Mr. Myers has experienced severe emotional distress and mental pain and suffering with physical manifestations.

40. As a direct and proximate cause of the Defendants' violation of the automatic stay, Mr. Myers has experienced severe emotional distress and mental pain and suffering with physical manifestations.

41. As a direct and proximate cause of the Defendants' unlawful and reckless conduct, Mr. Myers has been damaged, incurring various costs, fees, and damages associated with being forced to defend the Defendants' negligent, unlawful and reckless conduct.

**WHEREFORE**, Plaintiff, GREGORY BRIAN MYERS, demands judgment against the Defendants, jointly and severally, for compensatory damages in an amount of *not less than* $362,289,599.00 in addition to punitive damages to be determined at trial, award Plaintiff his attorneys' fees and costs incurred in connection with the prosecution of this matter, and afford Plaintiff such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, GREGORY BRIAN MYERS, hereby demands a trial by jury on all claims or issues so triable.

Dated: March 19, 2025

Respectfully submitted,

Gregory B. Myers, pro se
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
*gregbmyers@verizon.net*