Exhibit "5"

```
 1                   IN THE UNITED STATES DISTRICT COURT
                            DISTRICT OF COLUMBIA
 2

 3     GREGORY B. MYERS, et al.,      ) CIVIL NO.:
                                      ) 24-3127-ACR
 4              Plaintiff,            )
           vs.                       )
 5                                   )
       NAPLES GOLF AND BEACH CLUB,   ) Zoom Hearing
 6     INC., et al.,                 ) March 10, 2024
                Defendant.           ) Washington, D.C.
 7     _____) 1:00 p.m.

 8                     Transcript of Pre-motion Conference
                        Before the Honorable Ana C. Reyes
 9                         United States District Judge

10     APPEARANCES:

11     For the Plaintiff:  Gregory B. Myers, Pro se

12     For the Defendant Naples Golf and Beach Club:

13          Jeffrey D. Fridkin, Esquire
            Gunster, Yoakley & Stewart, P.A.
14          5551 Ridgewood Drive
            Ste 501
15          Naples, FL 34108

16     For Defendant Naples Property Holding Company, LLC, et al.:

17          Christopher R. Clark, Esquire
            Drew M. Dillworth, Esquire
18          Glenn T. Burhans, Jr., Esquire
            Stearns Weaver Miller
19          106 East College Avenue
            Suite 700
20          Tallahassee, FL 32301

21     Reported by:   Christine T. Asif, RPR, FCRR
                       Federal Official Court Reporter
22                     333 Constitution Avenue, NW
                       Washington, D.C. 20001
23                     (202) 354-3247

24

25     Proceedings recorded by machine shorthand; transcript produced
       by computer-aided transcription
```

```
1                        P R O C E E D I N G S
2              THE CLERK:  Your Honor, we're now calling for the
3    record civil action 24 --
4              THE COURT:  Is the plaintiff on?
5              THE CLERK:  Yes.  Call for the record civil action
6    24-3127, Myers, et al., versus Naples Golf and Beach Club
7    Incorporated, et al.
8              Beginning with the plaintiff, will the parties
9    please introduce yourselves for the record.
10             MR. FRIDKIN:  You're muted Mr. Myers.
11             MR. MYERS:  Yes.  I'm sorry.  Greg B. Myers.
12             THE COURT:  All right.  Welcome.
13             MR. MYERS:  Thank you.
14             MR. CLARK:  And this is -- oh, sorry.
15             MR. FRIDKIN:  Your Honor, this is Jeff Fridkin.  I
16   represent the Naples Golf and Beach Club, Inc.
17             MR. CLARK:  And, Your Honor, this is Christopher
18   Clark, we represent the balance of the defendants, Naples
19   Property Holding Company, Naples Beach Club Land Trust
20   Trustee, Naples Beach Club Phase II and III Land Trust
21   Trustee, NBC Club Owner, and Naples Property Holding Company
22   as well if I didn't say it already.
23             THE COURT:  All right.
24             MR. CLARK:  -- Dillworth and Glen Burhans are here
25   with my office as well.
```

```
 1              THE COURT:  All right.  Have we lost Mr. Myers?
 2              MR. MYERS:  No, Your Honor, you didn't lose me.
 3              THE COURT:  All right.  Mr. Myers, I've received
 4    your motion for disqualification, it's denied.  There's
 5    nothing in the record indicating, even suggesting
 6    impartiality.
 7              With respect to the automatic stay, 11 U.S. Code
 8    362(a)(1), which is the automatic stay provision says that the
 9    commencement or continuation, including the issuance or
10    employment process of a judicial administrator -- sorry, the
11    stay's as -- the filing of the petition operates as a stay
12    with respect to the commencement or continuation, including
13    the issuance or employment process of a judicial,
14    administrative, or other action or proceeding against the
15    debtor, that was or could have been commenced before the
16    commencement of the Act's case under this title.
17              I don't understand that the automatic stay applies
18    to this lawsuit because you're not -- this isn't a lawsuit
19    against you as a debtor.  This is a lawsuit, as I understand
20    it, that you brought against the defendants.
21              You want to respond to that?
22              MR. MYERS:  Yes.  This is a lawsuit against me,
23    I'm -- they filed a counterclaim, which is a clear violation
24    of the stay.  They've already acknowledged that in numerous
25    other proceedings.  And every other court to consider this
```

 1   would consider it as a stay violation.  It's a counterclaim

 2   against me.  And then you're reading 362(a)(1), 362(a)(1)

 3   applies to proceedings, but there's also 362(a)(3), which

 4   applies to property.  And these claims and the property rights

 5   being adjudicated are part of my bankruptcy estate, so they're

 6   stayed for that reason as well.  And then they're also --

 7            THE COURT:  All right.

 8            MR. MYERS:  -- seeking damages against me, which

 9   would be another section of 362(a).  So you can't just look at

10   362(a)(1) even though 362(a)(1) applies, because there's a

11   counterclaim against me.

12            THE COURT:  Well, even if I -- I mean, I could stay

13   their counterclaim, I suppose.  I'll hear from the defendants.

14   But that doesn't prevent me from dismissing your case.

15            Anyone from the defendants want to respond to that?

16            MR. CLARK:  And, Your Honor, I'll start first, this

17   case had final judgment entered in it three years ago.  We a

18   are just at -- we are just post-trial sanctions at this stage.

19   Mr. Myers has done everything he can to obstruct that,

20   including filing this third removal to your court after being

21   banned twice from other removals in different circuits.  There

22   is no case or controversy here.  And --

23            MR. MYERS:  That is not true, Your Honor.

24            THE COURT:  Mr. Myers, I'm going to give you all the

25   chance you want to talk, but you're not going to interrupt

```
 1    counsel, you're not going to interrupt me.  Go ahead.
 2              MR. CLARK:  Thank you, Your Honor.
 3              THE COURT:  Can we just start -- Mr. Clark, how did
 4    this whole mess start?
 5              MR. CLARK:  Four years ago Mr. Myers filed a lawsuit
 6    seeking to expand his property rights to encompass the Naples
 7    Golf and Beach Club, which is a development near his house or
 8    his former house.  And he filed a lawsuit in state court in I
 9    believe 2021.  And we got final judgment in 2022.  In the
10    course of that proceeding Mr. Myers and his wife have filed
11    numerous bankruptcies in I believe four states if not three,
12    filed numerous disqualification motions of both counsel and
13    the judges.  And we did end up filing a counterclaim at some
14    point, which were basically mirror images of his claims
15    against us to quiet title and seeking an injunction against
16    his filing.  We didn't receive final judgment in 2022, but
17    he's been enjoined from making claims on our property and
18    bringing these --
19              THE COURT:  Well, hold on, Mr. Clark, it would
20    really help me, as I tell all my clerks, it really helps when
21    people write and speak in the active, so when you say was
22    enjoined, I have not studied the history of this whole mess.
23    So when you're talking about things that have happened, can
24    you tell me what court has done it.
25              MR. CLARK:  The state court in =Carter County
```

```
1    enjoined Mr. Myers and his wife from making any claim on a
2    Naples Golf and Beach Club property, which was basically the
3    sum of his claims, Mr. Myers's claims below in the state
4    court.  He has removed this case twice to the Middle District
5    of Florida.  It has been remanded both times for lack of
6    jurisdiction among other things.  He's been sanctioned at
7    least once in the Middle District and banned from further
8    removals there.  And then now we are here.  And I believe he
9    removed this case hours before the state court contempt
10   hearing found him in contempt from violating the injunction
11   entered against him in 2022.
12          THE COURT:  Wait, he removed a Florida state action
13   to the D.C. District Court?
14          MR. CLARK:  Yes, Judge.  This is the third time he's
15   removed.  The first two here in the Middle District of Florida
16   and he's banned from removing this case again in the Middle
17   District, so he filed it in D.C.
18          THE COURT:  And you guys have been up to the D.C.
19   Circuit once; right?
20          MR. CLARK:  Yes, Your Honor.  And they found --
21          THE COURT:  How did you all get -- so he removes to
22   this court and then what happened?
23          MR. CLARK:  We moved -- he's filed this objection of
24   bankruptcy on behalf of the 700 Trust, which was an improper
25   pro se filing.  The 700 Trust is a trust that he and his wife
```

1   created with the assistance of counsel in Florida to try and

2   transfer title to a foreclosed property that he lost in a

3   foreclosure auction, that was bought by a separate entity.

4   And.

5           MR. MYERS:  That is not true.

6           THE COURT:  Mr. Myers, you'll have your chance to

7   speak.  Go ahead.

8           MR. CLARK:  And when he filed the 700 Trust

9   bankruptcy to try and stay the foreclosure proceedings of a

10  home that gave him standing --

11          THE COURT:  All right.  So how does this get to the

12  D.C. Circuit?

13          MR. CLARK:  You entered a minute order striking his

14  suggestion of bankruptcy and he appealed that.  And the Court

15  said that was an improper frivolous appeal and sanctioned him.

16  And said the underlying removal is also frivolous.  Now, Your

17  Honor, there are two more appeals to the D.C. --

18          MR. MYERS:  That's not true.

19          MR. CLARK:  -- of this case, both of your minute

20  orders.  He just filed one minutes before this.  One was I

21  think he appealed your order to show cause previously.  And

22  now he has appealed I believe the setting of this hearing.

23          THE COURT:  All right.  What is like actually the

24  amount at stake.  Like what are you all fighting over right

25  now?

1        MR. MYERS:  May I speak?

2        MR. FRIDKIN:  There's no --

3        THE COURT:  In a moment.

4        MR. FRIDKIN:  -- in controversy right now.  There's

5   no pending -- what's pending in the state court is a motion

6   for contempt and also a motion to assess damages --

7        THE COURT:  Okay.  Guys.  Guys.  Guys.  What is

8   actually -- like what amount of money right now does Mr. Myers

9   owe you all, if any?

10        MR. CLARK:  We received a cost award, the NBC

11   entities, I think $60,000 below with the Court.  And we have

12   also.

13        THE COURT:  Okay.  Can't you guys just -- I mean,

14   are we really dealing with $60,000 here?  Can't you just like

15   everyone agree to settle and go home?

16        MR. MYERS:  No, Your Honor.  We're not dealing with

17   $60,000.  We're dealing with a piece of property that's valued

18   at $362 million three years ago that I have pertinent easement

19   rights in.  And there is no final judgment in the state court

20   action.  There's a pending -- I have a pending motion for

21   summary judgment that was never resolved.  And they never

22   moved for summary judgment in all of their counts, so there

23   could be no final judgment.  Everything they're saying is not

24   accurate and if we have an evidentiary hearing, you will see

25   that it's not accurate.

```
 1            THE COURT:  We're not going to have a evidentiary --
 2   Mr. Myers, we're not going to have a evidentiary hearing, I
 3   assure you.  Mr. Myers, I put up with zero nonsense in my
 4   cases, like zero.  Like the fact that I've entertained this
 5   for nine minutes is more than I usually put up with total
 6   nonsense.  The -- your -- I have no idea what's going on in
 7   the Florida action.  I really don't care.  What I know is that
 8   you don't have any juris- -- I have zero jurisdiction to deal
 9   with this other than to dismiss the case.  I mean, I have
10   jurisdiction to dismiss the case, because there's no case or
11   controversy here so far as I can tell.  And it's totally
12   improper removal to the D.C. court.  And if you filed a -- if
13   you filed some suggestion of bankruptcy in my court, I can
14   tell you that that's going to get stricken too.
15            MR. MYERS:  My suggestion of bankruptcy is going to
16   get stricken?
17            THE COURT:  In my court.
18            MR. MYERS:  My personal suggestion of bankruptcy?
19            THE COURT:  What -- I mean, what jurisdiction do I
20   have to consider your bankruptcy claim?  I'm not a bankruptcy
21   court.
22            MR. MYERS:  You don't have to be, Judge.  I filed a
23   Chapter 13 bankruptcy petition, individual bankruptcy petition
24   in the United States bankruptcy court for the District of
25   Columbia, Washington D.C. on February the 26th.  That's an
```

1  automatic stay.  That's a federal --

2          THE COURT:  It's not an automatic.  Mr. Myers it's

3  not an automatic stay of your claims against the defendants,

4  all right.

5          MR. MYERS:  But their claims against me are

6  completely intertwined with whatever claims they're suggesting

7  that I served against them.  There is a quiet title action,

8  it's an in rem proceeding.  All of these claims and property

9  rights are now subject to the sole and exclusive jurisdiction

10  of the bankruptcy court.  The bankruptcy court is where they

11  need to go, not your court.

12          THE COURT:  Well, I don't know -- Mr. Myers, stop

13  talking.

14          Mr. Clark, what's your position -- I mean, obviously

15  I'm going to grant the motion to dismiss.  The D.C. Circuit

16  basically said I have to.  So I'm going to grant the motion to

17  dismiss.  I am going to dismiss your counterclaim at the same

18  time.  You guys can like figure out this litigation elsewhere.

19  What am I supposed to do with respect to the notice of

20  bankruptcy.

21          MR. CLARK:  Your Honor I need to make a comment

22  first on the dismissal.  We request dismissal only in that his

23  removal is null and void, not the underlying case, the

24  underlying case has a final judgment in place, and it's been

25  to --

```
 1                   THE COURT:  Right.
 2              MR. CLARK:  -- the Supreme Court.  It is done.
 3                   THE COURT:  Guys.  Guys.  Stop talking.  I don't
 4    really care about whether there's a final judgment in Florida.
 5    You guys are obviously fighting about it.  My strong guess is
 6    that there is.  I don't care.  I want this out of my
 7    courtroom, because it has no place in my courtroom.  Mr.
 8    Myers' case has no place in my courtroom.  Your counterclaim
 9    has no claim in my courtroom.
10                   So, Mr. Clark, how do I get that done OR whoever
11    wants to talk, someone else wants to talk.
12                   MR. FRIDKIN:  Your Honor, this is Jeff Fridkin.  I
13    would like to suggest in a dismissal for lack of jurisdiction,
14    a dismissal of this option for lack of jurisdiction is a
15    perfectly sound ruling.
16                   MR. CLARK:  And, Your Honor, the reason I am so
17    particular on saying dismissal of the removal is because if
18    you enter a dismissal for lack of jurisdiction, that makes it
19    seem like we're dismissing the case.  There's case law that
20    indicates that that creates a kind of weird procedural
21    posture.  Your Honor can just remand it.  And say you have
22    lack of jurisdiction.  That makes it all clear.  That's fine.
23    My best guess I would ask for a remand nunc pro tunc so the
24    state court never lost jurisdiction to allow us to finish
25    those contempt proceedings.  That would be my best day in
```

1    court.  I think the cleanest procedural way to do this.

2           And, Your Honor, the reason that I am so careful of

3    what I'm asking here is Mr. Myers has filed 40-plus lawsuits,

4    all very similar to what we're doing here --

5           MR. MYERS:  Entirely untrue.  I have not filed 40

6    plus lawsuits.  Mr. Clark knows that.  And if the Court's

7    going to dismiss for lack of jurisdiction, then it can't do

8    anything else.  I would say to you, Your Honor, this case is

9    out of your court because it's in the bankruptcy court.  It's

10    stayed and out of your court, you don't have to do anything

11    else --

12           THE COURT:  All right.  Mr. Myers.

13           MR. MYERS:  And I have one thing --

14           THE COURT:  Mr. Myers.

15           MR. MYERS:  Yes.

16           THE COURT:  You interrupt me one more time and we

17    are going to have issues.  I have been litigating for 22

18    years, I've been on the bench for two, I'm pretty confident in

19    my analysis right here that this case does not belong in my

20    courtroom and that I am not staying it, all right, with

21    respect to your dismissing your claim.  And if I'm going to

22    dismiss your claim I'm dismissing the whole thing because

23    these guys don't want to be in my courtroom just on their

24    claim against you.  And there's no bar to my doing it.

25           All right.  Anyone else want to say anything else?

1          MR. FRIDKIN:  Your Honor, Jeff Fridkin.  I would, if

2    given the opportunity, recommend a remand as Mr. Clark has

3    indicated, because if you remand it, that's a nonappealable

4    order and it puts us back where we should be --

5          THE COURT:  All right.  Mr. Fridkin, Mr. Clark,

6    somebody post a proposed order with supporting case law on the

7    docket.  Mr. Myers you'll have seven days to respond and then

8    I'll rule on it on the papers.  Anything else?

9          MR. CLARK:  Your Honor, the last point I would

10   request is we did file the notice in a related case by his

11   bankruptcy, this court has jurisdiction to withdraw the

12   reference of Mr. Myers' case from the bankruptcy court to

13   itself and dismiss or transfer.

14         THE COURT:  What's the basis -- what's the legal

15   basis for my doing that?

16         MR. MYERS:  That has to be filed in the bankruptcy

17   court, Your Honor.  He can't file that directly in this court

18   and he knows it.

19         MR. CLARK:  Your Honor, pursuant to 28 U.S.C. 157

20   and Local Rule bankruptcy 5011-1, the Court on it's own motion

21   can withdraw the reference of the bankruptcy court.  And the

22   primary focus for doing so, I'm sorry, Your Honor, I have to

23   look for the page, it's on page 4 of our motion.

24         MR. MYERS:  And I object, I haven't even seen this

25   motion.  This wasn't --

1      THE COURT:  Mr. Myers, it's on the docket as of

2   today, I'm going to give you the 14 days you have to

3   respond.

4      MR. MYERS:  It's on the docket?  It's on the docket

5   for this hearing?

6      THE COURT:  Yes.

7      MR. MYERS:  This hasn't been noticed for this

8   hearing.

9      THE COURT:  I'm not taking it up.  Mr. Myers, please

10   put the video back on yourself.

11      MR. MYERS:  I'm on.

12      THE COURT:  I'm not taking this motion up at this

13   hearing.  I just said I'm going to give you an opportunity,

14   you have 14 days to respond and then I will rule on the

15   papers.  All right.

16      MR. MYERS:  All right.  And may I have one thing,

17   Your Honor, for your benefit?

18      THE COURT:  By all means.

19      MR. MYERS:  The Naples Beach Club was just in the

20   Middle District Bankruptcy Court and agreed that they need to

21   go to the United States Bankruptcy Court for the District of

22   Columbia, Washington D.C. to get relief before they can

23   proceed with anything.  They are on record.  They are on

24   record with that statement.

25      THE COURT:  Hold on.  All right.  Someone from

1  defendants tell me about that.

2          MR. DILLWORTH:  Judge, thank you.  Judge, I'm not

3  yet admitted pro hoc vice.

4          THE COURT:  I don't care.  Do you have a law degree?

5          THE DEFENDANT:  I do, Judge.  Thank you.

6          THE COURT:  Have you been disciplined by a bar?

7          MR. DILLWORTH:  I have not.

8          THE COURT:  All right.  You're admitted.  All right.

9  What do you want?

10          THE DEFENDANT:  Thank you, Judge.  So here's the

11  distinction between all of the other courts that are dealing

12  with the litigation between Myers and the defendants here and

13  this court, and it will answer the question that was just

14  raised by Mr. Myers.  Judge Delano in Naples is dealing with

15  the 700 Trust where we, on behalf of the defendants, have

16  contended that it is the alter ego of Mr. Myers in order to

17  avoid filing injunctions against filing bankruptcy and using

18  the awesome power that comes with filing a bankruptcy case

19  which enjoins all sorts of cases around the country.  All

20  right.

21          There are, attached to the pleading we filed at

22  docket entry 24, many other courts dealing with the problem

23  that is on your court's docket today.  The unique thing Your

24  Honor has here that does not apply down in Naples in front of

25  Judge Delano, who has the trust case Mr. Myers just referred

1    to, is the fact that this court has original jurisdiction of

2    every single bankruptcy proceeding filed in the District of

3    Columbia.  It is only through a process where we're separating

4    between Article I and Article III judges, that there's this

5    order of reference in a rule of reference that sends every

6    bankruptcy case that you have, that is filed in D.C. to the

7    bankruptcy court.

8             So you now have Judge Gunn presiding over a newly

9    filed Chapter 13 by Mr. Myers.  It probably is the 11th case

10   arising from or relating to this property dispute in Florida.

11   Judge Gunn is going to have to deal with a motion to transfer

12   venue in this case, which we intend to file depending on the

13   outcome of this case.  Or this court can exercise the

14   jurisdiction it unquestionably has over the bankruptcy case,

15   because this is a court of (INAUDIBLE) jurisdiction under 28

16   U.S.C. Section 157(d) on your own motion and sua sponte do one

17   of two things; do what Judge Ruark did in Maryland and dismiss

18   Mr. Myers' wife.  I don't know which --

19             MR. MYERS:  I object, this is --

20             THE COURT:  Mr. Myers.  Mr. Myers.  Mr. Myers.

21             MR. MYERS:  Yes.

22             THE COURT:  Stop talking.

23             MR. MYERS:  Well, why are we talking about my wife's

24   case now?

25             THE COURT:  Mr. Dillworth, you still haven't

Christine T. Asif, RPR, FCRR, Federal Official Court Reporter

1   answered the question he posed.  Did you guys file bankruptcy

2   in D.C.?

3           MR. DILLWORTH:  No, Your Honor, Mr. Myers did, by

4   virtue of transferring all his assets to a trust, to avoid

5   bankruptcy finding injunctions, which the mere filing of

6   bankruptcy gives an injunction like Your Honor would only

7   enter after a preliminary hearing.  But he gets a filing,

8   Judge, so he filed this 700 Trust to get a bankruptcy stay so

9   that he could file suggestions of bankruptcy in all sorts of

10  different pending litigation between the parties about this

11  development that is happening in Naples.

12          So the answer to the question is the distinct

13  difference between what's pending in Florida and the hearings

14  last Wednesday and what is pending before you today, is that

15  the judge in Florida does not have jurisdiction over Mr. Myers

16  new bankruptcy case.  You do, Your Honor.  If you read our

17  pleading, and all you have to read is the one paragraph, 28

18  U.S.C. 157(d).  You will see you have jurisdiction over his

19  bankruptcy case.

20          MR. MYERS:  I disagree.  Judge Gunn has exclusive

21  jurisdiction over that case.

22          MR. DILLWORTH:  If I may just finish this one point.

23  The point I want to make, and I apologize for going too long,

24  your Honor can be a force multiplier, not just for Judge Gunn,

25  not just for Judge Delano, who's got the 700 case in Florida,

1    but for the other courts, the 30 or so other courts that are

2    dealing with some tentacle of this property dispute all over

3    the place, by taking jurisdiction and doing one of two things.

4    And that's all we ask for.  Either follow what Judge Ruark did

5    with respect to Mr. Myers' wife's case.  And that is a

6    101-page published decision as to why that --

7                MR. MYERS:  Judge, I object.  I'm not represented by

8    counsel and this is highly inappropriate.  I'm subject to an

9    automatic stay.  I'm entitled to have counsel.  This has gone

10   so far afield of anything in a status conference, that they're

11   asking for all manner of relief which is not noticed for

12   hearing today and this is highly improper.  It's a gross

13   violation of my due process rights.

14                MR. FRIDKIN:  Judge --

15                THE COURT:  Okay.  Everyone, stop talking.

16   Everyone, stop talking.  So far as I understand it -- by the

17   way, if there's a final judgment in Florida, what is the final

18   judgment, that he doesn't have title to the property?

19                MR. MYERS:  No, the final judge -- well, there is no

20   final judgment, Judge.  There's a non-final order.  And you

21   can tell from your own docket in this case, there's a pending

22   motion for summary judgment.  My motion for summary judgment

23   has been pending in that case and has never been called up or

24   heard.  There can be no final judgment as a matter of law.

25                THE COURT:  Okay.  What does the nonfinal order in

1   the case do?

2           MR. MYERS:  The nonfinal order says that my -- the

3   Court in the nonfinal order gave clear title to my property

4   and prohibited any claims against my property.  And that's

5   something they're not telling you.

6           MR. CLARK:  Your Honor --

7           THE COURT:  I just don't understand.  Everyone just

8   stop talking.  I just literally don't understand what you all

9   are -- I think you guys have totally lost track about what

10  you're fighting about.

11          MR. MYERS:  No.  No.

12          THE COURT:  Mr. Clark, if X would happen it would

13  get rid of every case, what would X be that would make you all

14  go away?

15          MR. MYERS:  It's not that simple.

16          MR. CLARK:  Your Honor, it is.  As Mr. Dillworth

17  explained, dismissing this bankruptcy as we have requested in

18  this motion, that would have stopped him from filing and

19  seeking --

20          THE COURT:  No, Mr. Clark -- Mr. Clark.

21          MR. CLARK:  Yes, Your Honor.

22          THE COURT:  All the litigation, Florida litigation,

23  all the litigation, what would it take, what is on the table

24  that you all are fighting about?

25          MR. MYERS:  Your Honor, what is on the table --

1          THE COURT:  Mr. Myers, stop talking.

2          MR. MYERS:  Well, you asked me to explain it.

3          THE COURT:  No, I asked Mr. Clark.

4          MR. MYERS:  Well, he's not going to explain it.

5          THE COURT:  Well, I'm going to ask you second.

6          MR. CLARK:  Your Honor, essentially Mr. Myers has

7  challenged -- we are just developing the Naples Golf and Beach

8  Club property.  Mr. Myers has challenged that for the last

9  four or five years.

10          THE COURT:  You have title now; right?  Do you have

11  title to it now?

12          MR. CLARK:  We always had title.  (Cross-talk) final

13  judgment (Cross-talk) title.  Mr. Myers lost the house that he

14  claimed that he had easement --

15          MR. MYERS:  I did not lose the house, Your Honor.

16          MR. FRIDKIN:  Chris, may I step in a little bit

17  having been the one guy on the phone other than Mr. Myers that

18  was there at the time.

19          THE COURT:  Yeah, Mr. Fridkin, just go.

20          MR. FRIDKIN:  Your Honor, this started with a lis

21  pendens filed two days prior to the closing on a 360-plus

22  million dollar transaction.

23          THE COURT:  Okay.  Has that transaction closed?

24          MR. FRIDKIN:  That transaction closed in I believe

25  October of 2021.  Ever since then there have been a series of

1    lawsuits filed by Mr. Myers to try and thwart virtually every

2    development plan that has been approved by the city of Naples,

3    Florida, in connection with this very large development.

4    So --

5              MR. MYERS: -- Yes --

6              THE COURT: Hold on, Mr. Myers, what is at stake in

7    for you in this case? Why are we all still fighting?

8              MR. MYERS: Your Honor, it's very simple. I

9    purchased my property in 2005. I have been entitling land for

10   40 years. That's what I do. I understand plats and title

11   like the back of my hand. I own a piece of property within

12   the map of the Naples Golf and Beach Club track. I have

13   easement, a pertinent easement rights that run with the land

14   to that property, which they have ignored. They have filed a

15   fraudulent title opinion with the city of Naples that they

16   have admitted, under deposition, their title attorney has

17   admitted that I have rights in that property. And the title

18   attorney has also admitted that the title opinion they filed

19   was fraudulent. There was no title commitment by First

20   American Title Insurance. And I know that for a fact, because

21   the same company issued my title opinion.

22             THE COURT: Okay. But why are you fighting in my --

23   I mean, if the issues are all in Florida, Mr. Myers, why are

24   you filing something in D.C.?

25             MR. MYERS: I filed a bankruptcy petition in D.C.

1    because the majority of my assets are in D.C.  I have interest

2    in an office building, et cetera, et cetera.  And, Your Honor,

3    this is very simple.  Judge Gunn will take care of this issue

4    in the bankruptcy court.  This -- all you need to do is simply

5    stay this case until Judge Gunn resolves this case.

6            THE COURT:  All right.  Mr. Myers, I'm not staying

7    this case.  I don't have to stay this case.  I'm not going to

8    stay this case.

9            Mr. Clark, this case is getting dismissed.  Now,

10   what I do about the bankruptcy action, Mr. Clark and the

11   defendants have just filed a motion, you have 14 days to

12   respond.  Defendants you all have seven days for a reply.

13   Someone, both of you get me proposed orders on that motion by

14   the time the reply comes forward.  And then I'll decide that

15   on the papers.  And if I need a hearing I will let you all

16   know.

17           Anything else?

18           MR. FRIDKIN:  Your Honor, do you want --

19           MR. MYERS:  No, Your Honor.  Thank you.  Thank you,

20   Your Honor.

21           MR. FRIDKIN:  Your Honor, you want a proposed order

22   on today's hearing?  And if so, is it an order that remands

23   this matter back to --

24           THE COURT:  No, Mr. Fridkin.  No.  No.  I'm

25   dismissing this case.

1    MR. MYERS: Thank you, Your Honor.

2    THE COURT: I'm remanding it back to Florida.

3    MR. MYERS: No, Your Honor, it can't be remanded

4    back, because there's diversity jurisdiction in the

5    counterclaim.

6    THE COURT: Mr. Myers. Mr. Myers.

7    MR. MYERS: Yes.

8    THE COURT: I'm doing that. All right. If you

9    think I'm wrong, by all means appeal. The D.C. Circuit has

10   already said that you filed one frivolous appeal. I'm quite

11   convinced they're going to say you filed a second one today.

12   There will be more sanctions. Out of my hands after I dismiss

13   it. By all means, if the people above me know better than I

14   do and they agree with you, I'll talk my lump.

15   What I want is a proposed order with respect to the

16   motion that you all filed today. I'm giving -- with respect

17   to what I do with the bankruptcy action, I will give Mr. Myers

18   14 days to respond to that. I'll give you seven days to

19   reply.

20   Do I have a proposed order from you all on the

21   motion to dismiss?

22   MR. FRIDKIN: Not yet.

23   THE COURT: To remand.

24   MR. CLARK: For the remand, Your Honor, we were

25   drafting one and I submitted it with the filing, I believe.

1    But I only did a short one because I wasn't sure if Your Honor

2    wanted a memorandum opinion as well or issue your own

3    opinion.

4         THE COURT:  No.

5         MR. MYERS:  Your Honor, I haven't even had an

6    opportunity --

7         THE COURT:  I'm not issuing an opinion, I'm just

8    doing it.  What?

9         MR. MYERS:  The motion to remand is not even notice

10   for a hearing.  This is a status hearing.  I haven't even had

11   an opportunity to file a response to the motion to remand.

12   Nor do I have to with the automatic stay.

13        THE COURT:  All right.  Mr. Myers, when was the

14   motion to remand filed?

15        MR. MYERS:  Before my automatic stay went into

16   effect with my Chapter 13 bankruptcy petition.

17        THE COURT:  Mr. Myers, I don't know how to say this

18   to you more clearly, you do not have a automatic stay.  I'm

19   not granting an automatic stay.  There is no automatic stay.

20   If the appellate court agrees or disagrees with me then there

21   will be a stay entered.  But until then I am moving forward.

22   When was the motion to -- what are the pending motions?  Is

23   there a motion to dismiss and a separate motion to remand?

24        MR. CLARK:  No, Your Honor.  They're omnibus, we

25   basically request that Your Honor dismiss for a lack of

1  jurisdiction for removal but leave the underlying case intact

2  or to remand, that was --

3         THE COURT:  When was that filed.

4         MR. CLARK:  November 22nd.  And then after Your

5  Honor's local rule time expired for him to respond we filed a

6  nonopposition because he filed nothing.

7         THE COURT:  All right.  Mr. Myers, I'm going to give

8  you -- there was another motion filed today?

9         MR. CLARK:  Yes, Your Honor, it was in response to

10  suggesting the bankruptcy stay does not apply and then why

11  Your Honor should take this jurisdiction and dismiss it.

12         THE COURT:  All right.  Mr. Myers, even though

13  you're woefully late -- Mr. Myers please put the video camera

14  back on you.  Even though you're woefully late, I'm going to

15  give you 14 days to also respond to the motion to remand which

16  apparently was made on November 14th.  So within 14 days you

17  have a chance to oppose their motion to remand and oppose

18  their motion to strike the suggestion of bankruptcy or however

19  they titled it.

20         Plaintiffs -- defendants, whoever you are,

21  defendants you have seven days to respond.  If I feel like I

22  need a hearing I will hold a hearing.  If I don't, I won't.

23  I'm not obligated to hold a hearing.  I'm quite allowed to

24  brief on the papers and then after I do what I do, if anyone

25  wants to appeal, by all means.

1          Anything else?

2          MR. MYERS:  Thank you, Your Honor.

3          THE COURT:  Great.  Thank you.

4          MR. FRIDKIN:  No, Your Honor.  Thank you.

5          (The proceedings were concluded at 1:31 p.m.)

6

7          I, Christine Asif, RPR, FCRR, do hereby certify that
the foregoing is a correct transcript from the stenographic
record of proceedings in the above-entitled matter.

8

9                    _____/s/_____
                       Christine T. Asif
                     Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

< Dates >.
February
  9:25.
May  8:1.
November  25:4,
  25:16.
October of
  2021.
  20:25.
$362 8:18.
$60 8:11, 8:14,
  8:17.
.
.
< 0 >.
000 8:11, 8:14,
  8:17.
.
.
< 1 >.
1 26:5.
101-page
  18:6.
106 1:37.
11 3:7.
11th 16:9.
13 9:23, 16:9,
  24:16.
14 14:2, 14:14,
  22:11, 23:18,
  25:15,
  25:16.
14th 25:16.
157 13:19.
157(d 16:16,
  17:18.
1:00 p.m.
  1:13.
.
.
< 2 >.
20001 1:44.
2005 21:9.
202 1:45.
2021 5:9.
2022 5:9, 5:16,
  6:11.
2024 1:11.
22 12:17.
22nd 25:4.

24 2:3,
  15:22.
24-3127 2:6.
24-3127-ACR
  1:6.
26th 9:25.
28 13:19,
  16:15,
  17:17.
.
.
< 3 >.
30 18:1.
31 26:5.
32301 1:39.
333 1:43.
34108 1:29.
354-3247
  1:45.
360-plus
  20:21.
362(a 4:9.
362(a)(1 3:8,
  4:2, 4:10.
362(a)(3 4:3.
.
.
< 4 >.
4 13:23.
40 12:5,
  21:10.
40-plus 12:3.
.
.
< 5 >.
501 1:28.
5011-1 13:20.
5551 1:27.
.
.
< 7 >.
700 1:38, 6:24,
  6:25, 7:8,
  15:15, 17:8,
  17:25.
=carter 5:25.
_____/s/___
_____
  26:11.
.

.
< A >.
A. 1:26.
above 23:13.
above-entitled
  26:9.
accurate 8:24,
  8:25.
acknowledged
  3:24.
Act 3:16.
action 2:3,
  2:5, 3:14,
  6:12, 8:20,
  9:7, 10:7,
  22:10,
  23:17.
active 5:21.
actually 7:23,
  8:8.
adjudicated
  4:5.
administrative
  3:14.
administrator
  3:10.
admitted 15:3,
  15:8, 21:16,
  21:17,
  21:18.
afield 18:10.
ago 4:17, 5:5,
  8:18.
agree 8:15,
  23:14.
agreed 14:20.
agrees 24:20.
ahead 5:1,
  7:7.
al 1:11, 1:31,
  2:6, 2:7.
allow 11:24.
allowed
  25:23.
already 2:22,
  3:24,
  23:10.
alter 15:16.
American
  21:20.

among 6:6.
amount 7:24,
  8:8.
Ana C. Reyes
  1:16.
analysis
  12:19.
answer 15:13,
  17:12.
answered
  17:1.
apologize
  17:23.
apparently
  25:16.
appeal 7:15,
  23:9, 23:10,
  25:25.
appealed 7:14,
  7:21, 7:22.
appeals 7:17.
APPEARANCES
  1:19.
appellate
  24:20.
applies 3:17,
  4:3, 4:4,
  4:10.
apply 15:24,
  25:10.
approved
  21:2.
arising
  16:10.
around 15:19.
Article 16:4.
Asif 1:41,
  26:7,
  26:12.
assess 8:6.
assets 17:4,
  22:1.
assistance
  7:1.
assure 9:3.
attached
  15:21.
attorney 21:16,
  21:18.
auction 7:3.

automatic 3:7,
    3:8, 3:17,
    10:1, 10:2,
    10:3, 18:9,
    24:12, 24:15,
    24:18,
    24:19.
Avenue 1:37,
    1:43.
avoid 15:17,
    17:4.
award 8:10.
away 19:14.
awesome
    15:18.
.
.
< B >.
B. 1:21,
    2:11.
back 13:4,
    14:10, 21:11,
    22:23, 23:2,
    23:4,
    25:14.
balance 2:18.
bankruptcies
    5:11.
banned 4:21,
    6:7, 6:16.
bar 12:24,
    15:6.
basically 5:14,
    6:2, 10:16,
    24:25.
basis 13:14,
    13:15.
Beach 1:23,
    2:6, 2:16,
    2:19, 2:20,
    5:7, 6:2,
    14:19, 20:7,
    21:12.
Beginning
    2:8.
behalf 6:24,
    15:15.
believe 5:9,
    5:11, 6:8,
    7:22, 20:24,

23:25.
belong 12:19.
below 6:3,
    8:11.
bench 12:18.
benefit
    14:17.
best 11:23,
    11:25.
better 23:13.
bit 20:16.
bought 7:3.
brief 25:24.
bringing
    5:18.
brought 3:20.
building
    22:2.
Burhans 1:35,
    2:24.
.
.
< C >.
C. 1:12, 1:44,
    6:13, 6:17,
    6:18, 7:12,
    7:17, 9:12,
    9:25, 10:15,
    13:19, 14:22,
    16:6, 16:16,
    17:2, 17:18,
    21:24, 21:25,
    22:1, 23:9.
Call 2:5.
called 18:23.
calling 2:2.
camera 25:13.
care 9:7, 11:4,
    11:6, 15:4,
    22:3.
careful 12:2.
cases 9:4,
    15:19.
cause 7:21.
certify 26:7.
cetera 22:2.
challenged
    20:7, 20:8.
chance 4:25,
    7:6, 25:17.

Chapter 9:23,
    16:9,
    24:16.
Chris 20:16.
Christine 1:41,
    26:7,
    26:12.
Christopher
    1:33, 2:17.
Circuit 6:19,
    7:12, 10:15,
    23:9.
circuits
    4:21.
city 21:2,
    21:15.
CIVIL 1:5, 2:3,
    2:5.
claim 6:1,
    9:20, 11:9,
    12:21, 12:22,
    12:24.
claimed
    20:14.
claims 4:4,
    5:14, 5:17,
    6:3, 10:3,
    10:5, 10:6,
    10:8, 19:4.
Clark 1:33,
    2:14, 2:18,
    2:24, 5:3,
    5:19, 6:23,
    10:14, 11:2,
    11:10, 12:6,
    13:2, 13:5,
    19:12, 19:20,
    20:3, 22:9,
    22:10.
cleanest
    12:1.
clear 3:23,
    11:22,
    19:3.
clearly
    24:18.
CLERK 2:2,
    2:5.
clerks 5:20.
closed 20:23,

20:24.
closing
    20:21.
Club 1:23, 2:6,
    2:16, 2:19,
    2:20, 2:21,
    5:7, 6:2,
    14:19, 20:8,
    21:12.
Code 3:7.
College 1:37.
Columbia 1:2,
    9:25, 14:22,
    16:3.
comes 15:18,
    22:14.
commenced
    3:15.
commencement
    3:9, 3:12,
    3:16.
comment
    10:21.
commitment
    21:19.
Company 1:31,
    2:19, 2:21,
    21:21.
completely
    10:6.
computer-aided
    1:49.
concluded
    26:5.
conference
    18:10.
confident
    12:18.
connection
    21:3.
consider 3:25,
    4:1, 9:20.
Constitution
    1:43.
contempt 6:9,
    6:10, 8:6,
    11:25.
contended
    15:16.
continuation

3:9, 3:12.
controversy
    4:22, 8:4,
    9:11.
convinced
    23:11.
correct 26:8.
cost 8:10.
counsel 5:1,
    5:12, 7:1,
    18:8, 18:9.
counterclaim
    3:23, 4:1,
    4:11, 4:13,
    5:13, 10:17,
    11:8, 23:5.
country
    15:19.
counts 8:22.
County 5:25.
course 5:10.
courtroom 11:7,
    11:8, 11:9,
    12:20,
    12:23.
courts 15:11,
    15:22,
    18:1.
created 7:1.
creates
    11:20.
Cross-talk
    20:12,
    20:13.
.
.
< D >.
D. 1:25.
damages 4:8,
    8:6.
day 11:25.
days 13:7,
    14:2, 14:14,
    20:21, 22:11,
    22:12, 23:18,
    25:15, 25:16,
    25:21.
deal 9:8,
    16:11.
dealing 8:14,

8:16, 8:17,
    15:11, 15:14,
    15:22,
    18:2.
debtor 3:15,
    3:19.
decide 22:14.
decision
    18:6.
DEFENDANT 1:12,
    1:23, 1:31,
    15:5,
    15:10.
Defendants
    2:18, 3:20,
    4:13, 4:15,
    10:3, 15:1,
    15:12, 15:15,
    22:11, 22:12,
    25:20,
    25:21.
degree 15:4.
Delano 15:14,
    15:25,
    17:25.
denied 3:4.
depending
    16:12.
deposition
    21:16.
developing
    20:7.
development
    5:7, 17:11,
    21:2, 21:3.
difference
    17:13.
different 4:21,
    17:10.
Dillworth 1:34,
    2:24, 16:25,
    19:16.
directly
    13:17.
disagree
    17:20.
disagrees
    24:20.
disciplined
    15:6.

dismiss 9:9,
    9:10, 10:15,
    10:17, 12:7,
    12:22, 13:13,
    16:17, 23:12,
    23:21, 24:23,
    24:25,
    25:11.
dismissal
    10:22, 11:13,
    11:14, 11:17,
    11:18.
dismissed
    22:9.
dismissing
    4:14, 11:19,
    12:21, 12:22,
    19:17,
    22:25.
dispute 16:10,
    18:2.
disqualificatio
    n 3:4,
    5:12.
distinct
    17:12.
distinction
    15:11.
District 1:1,
    1:2, 1:17,
    6:4, 6:7,
    6:13, 6:15,
    6:17, 9:24,
    14:20, 14:21,
    16:2.
diversity
    23:4.
docket 13:7,
    14:1, 14:4,
    15:22, 15:23,
    18:21.
doing 12:4,
    12:24, 13:15,
    13:22, 18:3,
    23:8, 24:8.
dollar 20:22.
done 4:19,
    5:24, 11:2,
    11:10.
down 15:24.

drafting
    23:25.
Drew 1:34.
Drive 1:27.
due 18:13.
.
.
< E >.
easement 8:18,
    20:14,
    21:13.
East 1:37.
effect 24:16.
ego 15:16.
Either 18:4.
elsewhere
    10:18.
employment
    3:10, 3:13.
encompass
    5:6.
end 5:13.
enjoined 5:17,
    5:22, 6:1.
enjoins
    15:19.
enter 11:18,
    17:7.
entered 4:17,
    6:11, 7:13,
    24:21.
entertained
    9:4.
Entirely
    12:5.
entities
    8:11.
entitled
    18:9.
entitling
    21:9.
entity 7:3.
entry 15:22.
Esquire 1:25,
    1:33, 1:34,
    1:35.
essentially
    20:6.
estate 4:5.
et 1:11, 1:31,

2:6, 2:7,
22:2.
Everyone 8:15,
  18:15, 18:16,
  19:7.
Everything
  4:19, 8:23.
evidentiary
  8:24, 9:1,
  9:2.
exclusive 10:9,
  17:20.
exercise
  16:13.
expand 5:6.
expired 25:5.
explain 20:2,
  20:4.
explained
  19:17.
.
.
< F >.
fact 9:4, 16:1,
  21:20.
far 9:11,
  18:10,
  18:16.
FCRR 1:41,
  26:7.
Federal 1:42,
  10:1.
feel 25:21.
fighting 7:24,
  11:5, 19:10,
  19:24, 21:7,
  21:22.
figure 10:18.
file 13:10,
  13:17, 16:12,
  17:1, 17:9,
  24:11.
filing 3:11,
  4:20, 5:13,
  5:16, 6:25,
  15:17, 15:18,
  17:5, 17:7,
  19:18, 21:24,
  23:25.
final 4:17,

5:9, 5:16,
  8:19, 8:23,
  10:24, 11:4,
  18:17, 18:19,
  18:20, 18:24,
  20:12.
finding 17:5.
fine 11:22.
finish 11:24,
  17:22.
First 4:16,
  6:15, 10:22,
  21:19.
five 20:9.
FL 1:29,
  1:39.
Florida 6:5,
  6:12, 6:15,
  7:1, 9:7,
  11:4, 16:10,
  17:13, 17:15,
  17:25, 18:17,
  19:22, 21:3,
  21:23,
  23:2.
focus 13:22.
follow 18:4.
force 17:24.
foreclosed
  7:2.
foreclosure
  7:3, 7:9.
foregoing
  26:8.
former 5:8.
forward 22:14,
  24:21.
found 6:10,
  6:20.
Four 5:5, 5:11,
  20:9.
fraudulent
  21:15,
  21:19.
Fridkin 1:25,
  2:10, 2:15,
  11:12, 13:1,
  13:5, 20:19,
  22:24.
frivolous 7:15,

7:16,
  23:10.
front 15:24.
.
.
< G >.
gave 7:10,
  19:3.
gets 17:7.
getting 22:9.
give 4:24,
  14:2, 14:13,
  23:17, 23:18,
  25:7,
  25:15.
given 13:2.
gives 17:6.
giving 23:16.
Glen 2:24.
Glenn 1:35.
Golf 1:23, 2:6,
  2:16, 5:7,
  6:2, 20:7,
  21:12.
grant 10:15,
  10:16.
granting
  24:19.
Great 26:3.
Greg 2:11.
Gregory 1:21.
GREGORY B.
  MYERS, et al.
  1:5.
gross 18:12.
guess 11:5,
  11:23.
Gunn 16:8,
  16:11, 17:20,
  17:24, 22:3,
  22:5.
Gunster 1:26.
guy 20:17.
Guys 6:18, 8:7,
  8:13, 10:18,
  11:3, 11:5,
  12:23, 17:1,
  19:9.
.
.

< H >.
hand 21:11.
hands 23:12.
happen 19:12.
happened 5:23,
  6:22.
happening
  17:11.
hear 4:13.
heard 18:24.
Hearing 1:10,
  6:10, 7:22,
  8:24, 9:2,
  14:5, 14:8,
  14:13, 17:7,
  18:12, 22:15,
  22:22, 24:10,
  25:22,
  25:23.
hearings
  17:13.
help 5:20.
helps 5:20.
hereby 26:7.
highly 18:8,
  18:12.
history 5:22.
hoc 15:3.
Hold 5:19,
  14:25, 21:6,
  25:22,
  25:23.
Holding 1:31,
  2:19, 2:21.
home 7:10,
  8:15.
Honorable
  1:16.
hours 6:9.
house 5:7, 5:8,
  20:13,
  20:15.
.
.
< I >.
idea 9:6.
ignored
  21:14.
II 2:20.
III 2:20,

16:4.
images 5:14.
impartiality
  3:6.
improper 6:24,
  7:15, 9:12,
  18:12.
in. 8:19.
inappropriate
  18:8.
INAUDIBLE
  16:15.
Inc. 1:11,
  2:16.
including 3:9,
  3:12, 4:20.
Incorporated
  2:7.
indicated
  13:3.
indicates
  11:20.
indicating
  3:5.
individual
  9:23.
injunction
  5:15, 6:10,
  17:6.
injunctions
  15:17,
  17:5.
Insurance
  21:20.
intact 25:1.
intend 16:12.
interest
  22:1.
interrupt 4:25,
  5:1, 12:16.
intertwined
  10:6.
introduce
  2:9.
issuance 3:9,
  3:13.
issue 22:3,
  24:2.
issued 21:21.
issues 12:17,

21:23.
issuing 24:7.
itself 13:13.
.
.
< J >.
Jeff 2:15,
  11:12,
  13:1.
Jeffrey 1:25.
Jr 1:35.
Judge 1:17,
  6:14, 9:22,
  15:2, 15:5,
  15:10, 15:14,
  15:25, 16:8,
  16:11, 16:17,
  17:8, 17:15,
  17:20, 17:24,
  17:25, 18:4,
  18:7, 18:14,
  18:19, 18:20,
  22:3, 22:5.
judges 5:13,
  16:4.
judgment 4:17,
  5:9, 5:16,
  8:19, 8:21,
  8:22, 8:23,
  10:24, 11:4,
  18:17, 18:18,
  18:20, 18:22,
  18:24,
  20:13.
judicial 3:10,
  3:13.
juris- 9:8.
jurisdiction
  6:6, 9:8,
  9:10, 9:19,
  10:9, 11:13,
  11:14, 11:18,
  11:22, 11:24,
  12:7, 13:11,
  16:1, 16:14,
  16:15, 17:15,
  17:18, 17:21,
  18:3, 23:4,
  25:1,
  25:11.

.
.
< K >.
kind 11:20.
knows 12:6,
  13:18.

.
.
< L >.
lack 6:5,
  11:13, 11:14,
  11:18, 11:22,
  12:7,
  24:25.
Land 2:19,
  2:20, 21:9,
  21:13.
large 21:3.
last 13:9,
  17:14,
  20:8.
late 25:13,
  25:14.
law 11:19,
  13:6, 15:4,
  18:24.
lawsuit 3:18,
  3:19, 3:22,
  5:5, 5:8.
lawsuits 12:3,
  12:6, 21:1.
least 6:7.
leave 25:1.
legal 13:14.
lis 20:20.
literally
  19:8.
litigating
  12:17.
litigation
  10:18, 15:12,
  17:10, 19:22,
  19:23.
little 20:16.
LLC 1:31.
Local 13:20,
  25:5.
long 17:23.
look 4:9,
  13:23.

lose 3:2,
  20:15.
lost 3:1, 7:2,
  11:24, 19:9,
  20:13.
lump 23:14.

.
.
< M >.
M. 1:34.
machine 1:48.
majority
  22:1.
manner 18:11.
map 21:12.
March 10
  1:11.
Maryland
  16:17.
matter 18:24,
  22:23,
  26:9.
mean 4:12,
  8:13, 9:9,
  9:19, 10:14,
  21:23.
means 14:18,
  23:9, 23:13,
  25:25.
memorandum
  24:2.
mere 17:5.
mess 5:4,
  5:22.
Middle 6:4,
  6:7, 6:15,
  6:16,
  14:20.
Miller 1:36.
million 8:18,
  20:22.
minute 7:13,
  7:19.
minutes 7:20,
  9:5.
mirror 5:14.
moment 8:3.
money 8:8.
motion 3:4,
  8:5, 8:6,

8:20, 10:15,
10:16, 13:20,
13:23, 13:25,
14:12, 16:11,
16:16, 18:22,
19:18, 22:11,
22:13, 23:16,
23:21, 24:9,
24:11, 24:14,
24:22, 24:23,
25:8, 25:15,
25:17,
25:18.
motions 5:12,
24:22.
moved 6:23,
8:22.
moving 24:21.
MR. CLARK 2:17,
4:16, 5:2,
5:5, 5:25,
6:14, 6:20,
7:8, 7:13,
7:19, 8:10,
10:21, 11:16,
13:9, 13:19,
19:6, 19:16,
19:21, 20:6,
20:12, 23:24,
24:24, 25:4,
25:9.
MR. DILLWORTH
15:2, 15:7,
17:3,
17:22.
MR. FRIDKIN
2:15, 8:2,
8:4, 11:12,
13:1, 18:14,
20:16, 20:20,
20:24, 22:18,
22:21, 23:22,
26:4.
multiplier
17:24.
muted 2:10.
.
.
< N >.
Naples 1:23,

1:29, 1:31,
2:6, 2:16,
2:18, 2:19,
2:20, 2:21,
5:6, 6:2,
14:19, 15:14,
15:24, 17:11,
20:7, 21:2,
21:12,
21:15.
NAPLES GOLF AND
BEACH CLUB
1:10.
NBC 2:21,
8:10.
near 5:7.
need 10:11,
10:21, 14:20,
22:4, 22:15,
25:22.
new 17:16.
newly 16:8.
nine 9:5.
No. 1:5, 19:11,
22:24.
non-final
18:20.
nonappealable
13:3.
nonfinal 18:25,
19:2, 19:3.
nonopposition
25:6.
nonsense 9:3,
9:6.
Nor 24:12.
nothing 3:5,
25:6.
notice 10:19,
13:10,
24:9.
noticed 14:7,
18:11.
null 10:23.
numerous 3:24,
5:11, 5:12.
nunc 11:23.
NW 1:43.
.
.

< O >.
object 13:24,
16:19,
18:7.
objection
6:23.
obligated
25:23.
obstruct
4:19.
obviously
10:14,
11:5.
office 2:25,
22:2.
Official 1:42,
26:13.
Okay 8:7, 8:13,
18:15, 18:25,
20:23,
21:22.
omnibus
24:24.
once 6:7,
6:19.
One 7:20,
12:13, 12:16,
14:16, 16:16,
17:17, 17:22,
18:3, 20:17,
23:10, 23:11,
23:25,
24:1.
operates
3:11.
opinion 21:15,
21:18, 21:21,
24:2, 24:3,
24:7.
opportunity
13:2, 14:13,
24:6,
24:11.
oppose 25:17.
option 11:14.
order 7:13,
7:21, 13:4,
13:6, 15:16,
16:5, 18:20,
18:25, 19:2,

19:3, 22:21,
22:22, 23:15,
23:20.
orders 7:20,
22:13.
original
16:1.
outcome
16:13.
owe 8:9.
own 13:20,
16:16, 18:21,
21:11,
24:2.
Owner 2:21.
.
.
< P >.
p.m. 26:5.
page 13:23.
papers 13:8,
14:15, 22:15,
25:24.
paragraph
17:17.
part 4:5.
particular
11:17.
parties 2:8,
17:10.
pendens
20:21.
pending 8:5,
8:20, 17:10,
17:13, 17:14,
18:21, 18:23,
24:22.
people 5:21,
23:13.
perfectly
11:15.
personal
9:18.
pertinent 8:18,
21:13.
petition 3:11,
9:23, 21:25,
24:16.
Phase 2:20.
phone 20:17.

piece 8:17,
    21:11.
place 10:24,
    11:7, 11:8,
    18:3.
Plaintiff 1:7,
    1:21, 2:4,
    2:8.
Plaintiffs
    25:20.
plan 21:2.
plats 21:10.
pleading 15:21,
    17:17.
please 2:9,
    14:9,
    25:13.
plus 12:6.
point 5:14,
    13:9, 17:22,
    17:23.
posed 17:1.
position
    10:14.
post 13:6.
post-trial
    4:18.
posture
    11:21.
power 15:18.
Pre-motion
    Conference
    1:15.
preliminary
    17:7.
presiding
    16:8.
pretty 12:18.
prevent 4:14.
previously
    7:21.
primary
    13:22.
prior 20:21.
Pro 1:21, 6:25,
    11:23,
    15:3.
probably
    16:9.
problem

15:22.
procedural
    11:20,
    12:1.
proceed
    14:23.
proceeding
    3:14, 5:10,
    10:8, 16:2.
Proceedings
    1:48, 3:25,
    4:3, 7:9,
    11:25, 26:5,
    26:9.
process 3:10,
    3:13, 16:3,
    18:13.
produced
    1:48.
prohibited
    19:4.
Property 1:31,
    2:19, 2:21,
    4:4, 5:6,
    5:17, 6:2,
    7:2, 8:17,
    10:8, 16:10,
    18:2, 18:18,
    19:3, 19:4,
    20:8, 21:9,
    21:11, 21:14,
    21:17.
proposed 13:6,
    22:13, 22:21,
    23:15,
    23:20.
provision
    3:8.
published
    18:6.
purchased
    21:9.
pursuant
    13:19.
put 9:3, 9:5,
    14:10,
    25:13.
puts 13:4.
.
.

< Q >.
question 15:13,
    17:1,
    17:12.
quiet 5:15,
    10:7.
quite 23:10,
    25:23.
.
< R >.
R. 1:33.
raised 15:14.
read 17:16,
    17:17.
reading 4:2.
really 5:20,
    8:14, 9:7,
    11:4.
reason 4:6,
    11:16,
    12:2.
receive 5:16.
received 3:3,
    8:10.
recommend
    13:2.
record 2:3,
    2:5, 2:9,
    3:5, 14:23,
    14:24,
    26:9.
recorded
    1:48.
reference
    13:12, 13:21,
    16:5.
referred
    15:25.
related
    13:10.
relating
    16:10.
relief 14:22,
    18:11.
rem 10:8.
remand 11:21,
    11:23, 13:2,
    13:3, 23:23,
    23:24, 24:9,

24:11, 24:14,
    24:23, 25:2,
    25:15,
    25:17.
remanded 6:5,
    23:3.
remanding
    23:2.
remands
    22:22.
removal 4:20,
    7:16, 9:12,
    10:23, 11:17,
    25:1.
removals 4:21,
    6:8.
removed 6:4,
    6:9, 6:12,
    6:15.
removes 6:21.
removing
    6:16.
reply 22:12,
    22:14,
    23:19.
Reported
    1:41.
Reporter 1:42,
    26:13.
represent 2:16,
    2:18.
represented
    18:7.
request 10:22,
    13:10,
    24:25.
requested
    19:17.
resolved
    8:21.
resolves
    22:5.
respect 3:7,
    3:12, 10:19,
    12:21, 18:5,
    23:15,
    23:16.
respond 3:21,
    4:15, 13:7,
    14:3, 14:14,

22:12, 23:18,
   25:5, 25:15,
   25:21.
response 24:11,
   25:9.
rid 19:13.
Ridgewood
   1:27.
rights 4:4,
   5:6, 8:19,
   10:9, 18:13,
   21:13,
   21:17.
RPR 1:41,
   26:7.
Ruark 16:17,
   18:4.
Rule 13:8,
   13:20, 14:14,
   16:5, 25:5.
ruling 11:15.
run 21:13.
   .
   .
< S >.
S. 3:7.
sanctioned 6:6,
   7:15.
sanctions 4:18,
   23:12.
saying 8:23,
   11:17.
says 3:8,
   19:2.
se 1:21,
   6:25.
second 20:5,
   23:11.
Section 4:9,
   16:16.
seeking 4:8,
   5:6, 5:15,
   19:19.
seem 11:19.
seen 13:24.
sends 16:5.
separate 7:3,
   24:23.
separating
   16:3.

series 20:25.
served 10:7.
setting 7:22.
settle 8:15.
seven 13:7,
   22:12, 23:18,
   25:21.
short 24:1.
shorthand
   1:48.
show 7:21.
similar 12:4.
simple 19:15,
   21:8, 22:3.
simply 22:4.
single 16:2.
sole 10:9.
somebody
   13:6.
Someone 11:11,
   14:25,
   22:13.
sorry 2:11,
   2:14, 3:10,
   13:22.
sorts 15:19,
   17:9.
sound 11:15.
sponte 16:16.
stage 4:18.
stake 7:24,
   21:6.
standing
   7:10.
start 4:16,
   5:3, 5:4.
started
   20:20.
state 5:8,
   5:25, 6:3,
   6:9, 6:12,
   8:5, 8:19,
   11:24.
statement
   14:24.
States 1:1,
   1:17, 5:11,
   9:24,
   14:21.
status 18:10,

24:10.
stay 3:7, 3:8,
   3:11, 3:17,
   3:24, 4:1,
   4:12, 7:9,
   10:1, 10:3,
   17:8, 18:9,
   22:5, 22:7,
   22:8, 24:12,
   24:15, 24:18,
   24:19, 24:21,
   25:10.
stayed 4:6,
   12:10.
staying 12:20,
   22:6.
Ste 1:28.
Stearns 1:36.
stenographic
   26:8.
step 20:16.
Stewart 1:26.
Stop 10:12,
   11:3, 16:22,
   18:15, 18:16,
   19:8, 20:1.
stopped
   19:18.
stricken 9:14,
   9:16.
strike 25:18.
striking
   7:13.
strong 11:5.
studied 5:22.
sua 16:16.
subject 10:9,
   18:8.
submitted
   23:25.
suggest
   11:13.
suggesting 3:5,
   10:6,
   25:10.
suggestion
   7:14, 9:13,
   9:15, 9:18,
   25:18.
suggestions

17:9.
Suite 1:38.
sum 6:3.
summary 8:21,
   8:22,
   18:22.
supporting
   13:6.
suppose 4:13.
supposed
   10:19.
Supreme 11:2.
   .
   .
< T >.
T. 1:35, 1:41,
   26:12.
table 19:23,
   19:25.
Tallahassee
   1:39.
tentacle
   18:2.
They've 3:24.
third 4:20,
   6:14.
though 4:10,
   25:12,
   25:14.
three 4:17,
   5:11, 8:18.
thwart 21:1.
Title 3:16,
   5:15, 7:2,
   10:7, 18:18,
   19:3, 20:10,
   20:11, 20:12,
   20:13, 21:10,
   21:15, 21:16,
   21:17, 21:18,
   21:19, 21:20,
   21:21.
titled 25:19.
today 14:2,
   15:23, 17:14,
   18:12, 22:22,
   23:11, 23:16,
   25:8.
total 9:5.
totally 9:11,

19:9.
track 19:9,
  21:12.
transaction
  20:22, 20:23,
  20:24.
Transcript
  1:15, 1:48,
  26:8.
transcription
  1:49.
transfer 7:2,
  13:13,
  16:11.
transferring
  17:4.
true 4:23, 7:5,
  7:18.
Trust 2:19,
  2:20, 6:24,
  6:25, 7:8,
  15:15, 15:25,
  17:4, 17:8.
Trustee 2:20,
  2:21.
try 7:1, 7:9,
  21:1.
tunc 11:23.
twice 4:21,
  6:4.
two 6:15, 7:17,
  12:18, 16:17,
  18:3,
  20:21.
.
.
< U >.
underlying
  7:16, 10:23,
  10:24,
  25:1.
understand
  3:17, 3:19,
  18:16, 19:7,
  19:8,
  21:10.
unique 15:23.
United 1:1,
  1:17, 9:24,
  14:21.

unquestionably
  16:14.
until 22:5,
  24:21.
untrue 12:5.
using 15:17.
.
.
< V >.
valued 8:17.
venue 16:12.
versus 2:6.
vice 15:3.
video 14:10,
  25:13.
violating
  6:10.
violation 3:23,
  4:1, 18:13.
virtually
  21:1.
virtue 17:4.
void 10:23.
vs 1:8.
.
.
< W >.
Wait 6:12.
wanted 24:2.
wants 11:11,
  25:25.
Washington
  1:12, 1:44,
  9:25,
  14:22.
Weaver 1:36.
Wednesday
  17:14.
weird 11:20.
Welcome 2:12.
whatever
  10:6.
whether 11:4.
whoever 11:10,
  25:20.
whole 5:4,
  5:22,
  12:22.
wife 5:10, 6:1,
  6:25, 16:18,

16:23,
  18:5.
will 2:8, 8:24,
  14:14, 15:13,
  17:18, 22:3,
  22:15, 23:12,
  23:17, 24:21,
  25:22.
withdraw 13:11,
  13:21.
within 21:11,
  25:16.
woefully 25:13,
  25:14.
write 5:21.
.
.
< Y >.
years 4:17,
  5:5, 8:18,
  12:18, 20:9,
  21:10.
Yoakley 1:26.
yourself
  14:10.
yourselves
  2:9.
.
.
< Z >.
zero 9:3, 9:4,
  9:8.
Zoom 1:10.