The order below is hereby signed.

Signed: March 20 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | Case No. 25-00069-ELG |
| **Gregory Brian Myers,** | Chapter 13 |
| Debtor. | |

### ORDER DENYING MOTIONS

The Court has before it the *Emergency Motion to Enforce the Automatic Stay* (the "Motion to Enforce") (ECF No. 14) and corresponding *Motion to Shorten Time and/or For Expedited Hearing* (the "Motion to Expedite") (ECF No. 16) filed by the above-captioned Debtor. The Motion to Enforce seeks an order from this Court directing the District Court for the District of Columbia (the "District Court") to stay all matters and proceedings in case number 1:24-cv-03127-ACR. *See* Motion to Enforce at 7, ECF No. 14. The Motion to Expedite seeks to shorten the period to object to the Motion to Enforce to five (5) days, and for the Court to hold hearing on the Motion to Enforce on or before March 20, 2025. Motion to Expedite at 3, ECF No. 16.

This court does not have exclusive jurisdiction to determine whether litigation is stayed pursuant to the stay of 11 U.S.C. § 362. As applicable to this case, the District Court has concurrent jurisdiction to determine whether the litigation pending before it is stayed pursuant to the automatic stay. *See Sw. Airlines Co. v. Tidewater Fin. Co. (In re Cole)*, 552 B.R. 903, 908 (Bankr. N.D. Ga.

1

2016); *see generally Foufas v. Foufas (In re Foufas)*, Nos. 20-22967-EPK, 22-1013-EPK, 2022 Bankr. LEXIS 1719, at *12 (Bankr. S.D. Fla. June 17, 2022) (collecting cases). The District Court has already partially addressed the question of the applicability of the automatic stay to the matter before it and has set a further briefing schedule to address that and other related issues raised in the Motion to Enforce. *See* Minute Order, *Myers v. Naples Golf & Beach Club, Inc.*, Case No. 24-cv-03127-ACR (D.D.C. Mar. 10, 2025). While this Court has jurisdiction over the Debtor's estate, 11 U.S.C. § 541, this Court does not have jurisdiction to reconsider or sit as an appellate court for decisions reached by the District Court. The Motion to Enforce specifically requests that the Court issue an order staying the actions in a different court contrary to an existing order of that court. *See* Motion to Enforce, ECF No. 14. There may well be an appropriate means for this Court to consider the applicability of the automatic stay to the case in the District Court, but that is not the relief requested by the Motion to Enforce. Thus, for the foregoing reasons, the Court finds that cause exists to deny the relief requested in both the Motion to Enforce and Motion to Expedite.

Therefore, it is **ADJUDGED**, **ORDERED**, and **DECREED** that:

1) The *Emergency Motion to Enforce the Automatic Stay* (ECF No. 14) is **DENIED**.

2) The *Motion to Shorten Time and/or For Expedited Hearing* (ECF No. 16) is **DENIED**.

[Signed and dated above.]

Copies to: recipients of electronic notification.